# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ROLAND FILHIOL COATES, III | CIVIL ACTION NO. 06-1902 |
| VS. | SECTION P |
| RICHWOOD CORRECTIONAL CENTER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT RECOMMENDING DISMISSAL OF SOME BUT NOT ALL OF PLAINTIFF'S CIVIL RIGHTS CLAIMS

Before the court is a civil rights (42 U.S.C. §1983) complaint filed *in forma pauperis* on October 24, 2006 by *pro se* plaintiff Roland Filhiol Coates, III. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He is incarcerated at the Allen Correctional Center, Kinder, Louisiana; however, he complains about an incident that occurred while he was incarcerated at the Richwood Correctional Center (RCC), Monroe, Louisiana in December, 2005. He also claims that physical injuries he sustained in the incident were improperly diagnosed and treated by a physician at the nearby E.A. Conway Hospital (EACH). He named RCC Deputy Holiday[1] and EACH staff physician, Dr. Bellcheck, as defendants. He seeks an unspecified amount in compensatory damages for pain and suffering and future medical expenses.

For the following reasons it is recommended that the claims against Dr. Bellcheck be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted as provided by 28 U.S.C. §1915(e)(2)(B)(i) and (ii), 28 U.S.C.

---

[1] In the document purporting to be the administrative remedies grievance submitted to RCC officials on December 5, 2005, plaintiff referred to the offending official as "Guard Coleman." [doc. 1-1, p. 7] Plaintiff does not otherwise explain this discrepancy.

1

§1915A(b)(1) and 42 U.S.C. §1997e(c)(1).[2]

*Statement of the Case*

Prior to November 23, 2005, plaintiff was an inmate housed at the RCC in Monroe, Louisiana. On that date he was housed in the "lock down" cell with five other inmates, one of whom was Marcland Moore. Plaintiff implies that prior to November 23, 2005, he advised unspecified members of the RCC administration or staff that Moore was very dangerous and that he continued to threaten plaintiff's life.

On November 23, 2005, Deputy Holiday addressed Moore on the loudspeaker and advised him that plaintiff, who occupied the bunk immediately above him, had been masturbating. Moore pulled plaintiff from the top bunk onto the floor injuring plaintiff's foot in the process. He then proceeded to kick and punch plaintiff for five minutes before guards removed plaintiff from the cell.

Plaintiff remained on the floor in the commons area for a period in excess of one hour during which time he experienced difficulty breathing. At some point, corrections officers transported plaintiff from the jail to the EACH in Monroe.

Plaintiff's foot was x-rayed and determined to have multiple fractures. Further examination revealed that he had sustained broken ribs, a punctured lung, and internal bleeding. A chest tube was inserted to drain the blood and plaintiff was given pain medication. Plaintiff remained in the hospital for twelve days, after which the chest tube was removed and plaintiff was returned to RCC.

On December 4, 2005, plaintiff was placed in a dorm "... as far as possible from the

---

[2] The claims alleging fault on the part of Deputy Holiday survive initial review and that portion of plaintiff's claim will be served on the defendant as provided in a separate Memorandum Order issued this day.

2

bathroom..." Plaintiff had no crutches and could not walk. Upon discharge, pain medication (Lortab) had been prescribed; however, RCC staff refused to administer the medication.

On December 5, 2005, plaintiff submitted a hand-written grievance addressed to the attention of the RCC Warden. In that grievance, plaintiff stated, "Your guard 'Coleman' told [Moore] I was masturbating over him, which was a lie, and Markland beat me up real bad!] doc. 1-1, p. 7] Plaintiff claims that this grievance was ignored.

After nine days, plaintiff was released. On December 12, plaintiff went to the St. Francis Medical Center in Monroe. He was again examined and advised that he needed "... surgery, crutches, and pain medication..." However, since plaintiff lacked health insurance, he was advised to seek treatment at EACH. Upon his arrival at EACH, plaintiff was examined by Dr. Bellcheck who advised plaintiff that his foot was not seriously injured and that he did not need any medication.

Plaintiff then went to North Monroe Hospital where he was again examined. At North Monroe Hospital, unnamed staff members advised plaintiff that his foot was indeed injured and in need of surgery. He was afforded pain medication.

On December 16, plaintiff returned to EACH where he was prescribed pain medication and a follow-up appointment. Plaintiff was subsequently examined again by Dr. Bellcheck who advised him again that his foot was not injured.

On December 20, plaintiff went to the University Hospital in Jackson, Mississippi. An MRI was performed, pain medication was provided, and an appointment with an orthopedic specialist was scheduled. On some unspecified date plaintiff was examined by the orthopedic specialist who advised plaintiff that his foot was "in bad shape" but was mending. The physician advised plaintiff to let the healing process continue and then return for a follow-up examination.

Instead, plaintiff returned to Monroe and scheduled another appointment with Dr. Bellcheck. Bellcheck again examined plaintiff and found nothing wrong with his foot.

Plaintiff illegally "filled out a friend's Pain Medication slip" and was arrested and incarcerated at the Ouachita Correctional Center. As a result of this incident, plaintiff's parole/probation was revoked and he was ordered to serve 18 months. He was then incarcerated at the Bossier Parish Correctional Center where another x-ray examination revealed no bone abnormalities. Thereafter plaintiff was transferred to the Forcht-Wade Correctional Facility. His foot was again x-rayed and he was diagnosed with "ostioprosis." He was eventually transferred to the Allen Corrections Center where his foot was again x-rayed. He was diagnosed with "Sioporosis," provided pain medication, and ordered to do "sit down work" only.

Plaintiff claims that Dy. Holiday is liable because he instigated the attack; he claims that Dr. Bellcheck is liable because he mis-diagnosed the plaintiff's injuries.

*Law and Analysis*

*1. Frivolity Review*

When a prisoner[3] sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2

---

[3] The term "prisoner" as used in both 28 U.S.C. §1915 and 28 U.S.C. §1915A means "... any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h), 28 U.S.C. §1915A(c). Plaintiff has not specified whether he was a pre-trial detainee or a convicted prisoner when the events complained of occurred; regardless, initial review under the provisions of these statutes is appropriate.

F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint and exhibits have been reviewed. With regard to the RCC and Dr. Bellcheck, plaintiff has pleaded his best case and further amendment would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for which relief may be

granted as to Dr. Bellcheck.

## 2. *State Actor*

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

The complaint is devoid of any allegation which indicates that Dr. Bellcheck was acting under the color of state law. Plaintiff's pleadings suggest that the defendant is a private physician employed at EACH, a facility separate and apart from the RCC. Compare *West v. Atkins*, 487 U.S. 42, 49-52, 108 S.Ct. 2250, 101 L.Ed.2d 40 (private physician acts under color of state law for § 1983 purposes when treating patient in state prison under contract with state). Absent some allegation to establish the defendant as a "state actor," plaintiff's complaint fails to state a claim and must be dismissed as frivolous.

## 3. *Deliberate Indifference*

Assuming for the sake of argument that Dr. Bellcheck was in fact a "state actor," in order to prevail, plaintiff must establish that he was deliberately indifferent to plaintiff's serious medical needs.[4] In order for an inmate to establish a §1983 claim of deliberate indifference to a serious medical need, he must allege a deprivation of medical care sufficiently serious to show that the state abdicated its constitutionally-required responsibility to attend to his medical needs, and that the named state actors knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate

---

[4] It is clearly established that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001) (pretrial detainee); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir.1999) (convicted prisoner).

indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* at 835-47. Negligence, unsuccessful medical treatment, or even medical malpractice does not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999); see also *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991) (finding disagreement as to the correct medical treatment does not constitute an actionable civil rights claim).

Plaintiff himself has characterized Dr. Bellcheck's fault as his "mis-diagnosis" of plaintiff's injury [doc. 1-1, paragraph IV at p. 6], and beyond that, the facts alleged suggest, at worst, negligence or, at best, a simple disagreement with the treatment, but not deliberate indifference. Therefore, even if Dr. Bellcheck is considered a "state actor," plaintiff's complaint fails to state a claim for which relief may be granted.

*4. Conclusion and Recommendation*

The facts alleged suggest that the defendant was not a "state actor" as required by § 1983. Further, plaintiff's allegations do not establish the deliberate indifference standard required under law.

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights claims against the defendant, Dr. Bellcheck, be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[5]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

---

[5] As noted above, the claims against Dy. Holiday survive initial review and service of those claims shall be ordered in a separate Memorandum Order.

7

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE