UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROLAND FILHIOL COATES, III** | **CIVIL ACTION NO. 06-1902** |
| **VS.** | **SECTION P** |
| **RICHWOOD CORRECTIONS, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

Plaintiff Roland Filhiol Coates, III, filed a civil rights complaint (42 U.S.C. §1983) on October 24, 2006. [doc. 1] On January 18, 2007, the undersigned authored a Report recommending dismissal of the complaint against defendant Dr. Bellcheck; on the same date, the undersigned ordered Service of Process on the remaining defendant. [docs. 4 and 5] On February 9, 2007, plaintiff advised the court that he had named the wrong defendant in his complaint [doc. 6] and on March 27, 2007, plaintiff's complaint was amended to name the appropriate defendant. [doc. 9] On February 14, 2007, United States District Judge Robert G. James signed a judgment dismissing Dr. Bellcheck. [doc. 7] The Clerk of Court attempted to notify plaintiff of these dispositions; however, on April 5 and April 9, 2007, the correspondence, which had been sent to the last address supplied by petitioner, was returned with the notation that plaintiff was no longer incarcerated at the address he had previously provided. [docs. 10, 11, 12] On April 18, 2007, the Clerk notified plaintiff that his suit would be dismissed for plaintiff's failure to apprise the court of his whereabouts as mandated by the provisions of LR 41.3W. [doc. 13] That Notice was also returned with the notation that plaintiff had been moved from the facility. [doc. 14]

1

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

  **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 3rd day of May, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE